Richard D. Rosenbloom, J.
In this proceeding brought under the Uniform Support of Dependents Law, petitioner seeks support for a* child born out of wedlock. Respondent moves to dismiss the petition on the grounds that it fails to state a cause of action and that the court lacks jurisdiction.
Petitioner, who resides in Pennsylvania, alleges that she and respondent are the parents of a child born on June 28, 1976. In her testimony, she states that she has never been married to respondent and that paternity has not been judicially determined. There is no allegation that respondent has acknowledged paternity.
*1009 Section 35 of the Domestic Relations Law sets forth the cases in which proceedings may be maintained under the New York version of the Uniform Support of Dependents Law. It requires that the parties reside in different States "having substantially similar or reciprocal laws.”
Section 27 of the Pennsylvania Uniform Reciprocal Enforcement of Support Law (Pa Stat, tit 62, § 2043-29) appears to permit an adjudication of paternity in an interstate proceeding. The laws of the State of New York, where respondent resides, contain no such authority. Subdivision 5 of section 33 of the Domestic Relations Law provides: "The natural parents of a child born out of wedlock shall be severally liable for the support such child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the child’s father by a court of competent jurisdiction, or he has acknowledged or shall acknowledge paternity of the child in open court or by a verified written statement.” In no sense can these statutes be considered substantially similar or reciprocal. In fact, what is permitted under Pennsylvania law is expressly prohibited by the New York statute.
Considering the lack of fundamental safeguards such as the right to confront and cross-examine witnesses and the inability of the trial court to determine the credibility of all witnesses, this court declines to extend its jurisdiction beyond that specifically authorized by statute. Respondent’s motion is granted and the petition is dismissed, without prejudice to petitioner’s right to commence a paternity proceeding in accordance with the provisions of article 5 of the Family Court Act.